**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

July 11, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:    *Janell W. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
       Civil No. 22-2339-BAH

Dear Counsel:

On September 14, 2022, Plaintiff Janell W. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case (ECF 9), the parties' dispositive filings (ECFs 12 and 14), and Plaintiff's reply (ECF 15). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will AFFIRM the Commissioner's decision. This letter explains why.

## I.      PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on February 5, 2019, alleging a disability onset of September 1, 2016. Tr. 235–41, 242–47. Plaintiff's claims were denied initially and on reconsideration. Tr. 149–56, 163–67. On November 3, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 38–90. Following the hearing, on November 24, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time period. Tr. 16–37. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.     THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination

---

[1] 42 U.S.C. §§ 301 et seq.

*Janell W. v. Kijakazi*
Civil No. 22-2339-BAH
July 11, 2023
Page 2

using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since September 1, 2016, the alleged onset date." Tr. 22. At step two, the ALJ found that Plaintiff's "spine disorders" were a severe impairment. *Id.* The ALJ also determined that Plaintiff suffered from the non-severe impairments of "anxiety and depressive disorder." *Id.* At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 23–24. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). The claimant can frequently, but not always, climb stairs, stoop, and crawl. The claimant can only occasionally climb ladders. The claimant can have no more than frequent exposure to vibration or to workplace hazards, such as unprotected heights or dangerous machinery. The claimant can frequently, but not always twist the lumbar spine or lower back. The claimant is limited to standing or walking up to 4 hours total in an 8-hour workday.

Tr. 24. The ALJ determined that Plaintiff was able to perform past relevant work as a housekeeping cleaner (DOT[2] #323.687.014), a hospital cleaner (DOT #323.687.010), and a commercial cleaner (DOT #381.687.014). Tr. 30. The ALJ also made the alternative finding that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 31. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 32.

## III.   LEGAL STANDARD

As noted, the scope of my review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive

---

[2] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Janell W. v. Kijakazi*
Civil No. 22-2339-BAH
July 11, 2023
Page 3

. . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Id.* In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.   ANALYSIS

Plaintiff raises two arguments on appeal. First, Plaintiff argues that the RFC is unsupported by substantial evidence and is "materially incomplete" because the ALJ "did not reach any conclusion regarding the primary exertional functions . . . [of] lifting, carrying, pushing, and pulling." ECF 12, at 15 (italics omitted). Second, Plaintiff contends that the ALJ's step-four determination is unsupported by substantial evidence because the ALJ's RFC does not accurately reflect the vocational expert's testimony regarding work-preclusive limitations. *Id.* at 22–25. Defendant counters that the ALJ's RFC determination was adequately supported because, "although the ALJ may not have conducted an explicit function-by-function analysis, it is apparent from the ALJ's discussion how the ALJ determined Plaintiff's capacity to perform the relevant functions required by medium work during the period at issue." ECF 14, at 7. Defendant also avers that the ALJ's step-four error, if any, was harmless because the ALJ made alternative findings at step five which Plaintiff does not challenge. *Id.* at 12–13.

As an initial matter, Plaintiff's argument that the RFC is unsupported by substantial evidence is unpersuasive. "'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'" *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)). An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). In *Mascio*, the Court held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)). "While there is no requirement that each impairment correlate with the particular restrictions in the RFC, the ALJ's findings of Plaintiff's limitations must be supported by substantial evidence." *Larry J. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3252; 2021 WL 4170250, at *2 (D. Md. Sept. 14, 2021).

Plaintiff contends that "the ALJ's RFC determination is materially incomplete, as the ALJ did not reach any conclusion regarding" Plaintiff's exertional capacity for lifting, carrying, pushing, and pulling" in light of Plaintiff's severe spine disorders. ECF 12, at 15.[3] To be sure,

---

[3] Plaintiff acknowledges that the ALJ "clearly reached conclusions about how the evidence relates

*Janell W. v. Kijakazi*
Civil No. 22-2339-BAH
July 11, 2023
Page 4

the ALJ did not perform an explicit analysis of Plaintiff's abilities to lift, carry, push, or pull. Nonetheless, the ALJ's decision appears to have accounted for these functions. Specifically, the ALJ was "persuaded by" the state agency medical consultants' opinions that Plaintiff could perform a limited range of medium exertional work. Tr. 29 (citing Exhibits 1A, 2A, 5A, and 6A). The ALJ did not reproduce these opinions within the decision, but a careful review of the State agency medical consultants' opinions makes clear that: (1) Plaintiff was found capable of "frequently" lifting and carrying 25 pounds and "occasionally" lifting and carrying 50 pounds; (2) Plaintiff's muscle strength was rated a "5/5"; (3) Plaintiff possessed a full range of motion in all joints and her spine; and (4) Plaintiff was found capable of "[u]nlimited" pushing and pulling.[4] Tr. 124–26, 140–42. These medical findings are consistent with medium work, which "involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567, 416.967 (explaining that claimants who can perform medium work can also perform light work, which may involve "some pushing and pulling of arm or leg controls").

Indeed, the state agency medical consultants' opinions were the only opinions which the ALJ found persuasive. The ALJ was "not at all persuaded" by the functional findings of Dr. Mirza Nusairee, who found Plaintiff capable of lifting and carrying "5 pounds frequently and 10 pound[s] occasionally." Tr. 28. The ALJ noted that this finding was "inconsistent with [Plaintiff's] examination results [and] the recent treatment notes." *Id.* The ALJ also considered the medical source statement of Dr. Larry Kramer, who opined that Plaintiff could "never walk or perform postural activities due to her sciatica and muscle spasm." Tr. 27. But the ALJ "d[id] not find [the statement at] all persuasive or even nominally supported given [Dr. Kramer's] lack of mental health or musculoskeletal examinations, the claimant's intermittent treatment[,] and [her] obvious noncompliance with requests for lab work." *Id.* (noting that Dr. Kramer "accommodated the claimant's request for disability paperwork when she asked for it in March 2021, without attention to the detail in his progress notes").

Plaintiff contends that "the medical evidence of record documents significant pain and muscle weakness, which are inextricably linked to the overlooked functions of lifting, carrying, pushing, and pulling." ECF 12, at 15–16. But, while Plaintiff maintains that these *functions* were overlooked, she does not contend that relevant *evidence* was not considered by the ALJ. As such, Plaintiff's argument amounts to a request to reweigh the evidence. But this Court "does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision." *Fiske v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)). Here, the ALJ's "relevant

---

to . . . Plaintiff's capacity for standing, walking, and stooping." ECF 12, at 17.

[4] The ALJ also provided for greater limitations than those suggested by the state agency medical consultants. *See* Tr. 29 ("I provided for limited lumbar twisting, work around hazards, vibration, pulmonary irritants and cold. I also reduced the standing and walking limit to 4 hours in an 8-hour workday [based upon] the claimant's testimony . . . .").

Janell W. v. Kijakazi
Civil No. 22-2339-BAH
July 11, 2023
Page 5

citations to the record enable meaningful review of the ALJ's physical RFC analysis," so remand is not warranted on this issue. *See Bell v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-1351, 2017 WL 2416906, at *3 (D. Md. June 2, 2017) (finding ALJ's RFC to be supported by substantial evidence where "medical opinions given 'great weight' by the ALJ explicitly discuss[ed the plaintiff's] function-by-function exertional limitations and support[ed] the ALJ's RFC determination," enabling "meaningful review" of the decision).

Plaintiff also contends that the ALJ erred at step four by limiting her to standing or walking for up to four hours in an eight-hour workday, despite the vocational expert's testimony that this limitation would preclude Plaintiff from performing past relevant work. ECF 12, at 23. Plaintiff correctly notes that a hypothetical limiting Plaintiff to "a light level of activities," including "standing or walking only four hours[] total in an eight-hour workday," was deemed to be inconsistent with Plaintiff's past work by the vocational expert. Tr. 81. Because the ALJ included this limitation in his ultimate RFC determination, Plaintiff persuasively argues that the ALJ erred at step four. Nonetheless, Plaintiff's argument is unavailing because the ALJ made alternative findings at step five—specifically, that Plaintiff could perform work as a final inspector (DOT #727.687-054). Tr. 31. The vocational expert did not find this job—which is classified as light work—to be inconsistent with a need to stand or walk for only four hours total during an eight-hour workday. Tr. 81–82.

Given this, the ALJ's step-four error was harmless. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1042 (9th Cir. 2008) ("Although the ALJ's step four determination constitutes error, it is harmless error in light of the ALJ's alternative finding at step five[.]"). Plaintiff does not argue that the ALJ's step-five findings constituted error, and accordingly, I do not reach the issue. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) ("A party waives an argument by failing to present it in its opening brief[.]").

In sum, the ALJ adequately supported his RFC determination with substantial evidence, and any error made at step four was harmless due to the ALJ's alternative step-five findings, which Plaintiff does not challenge here. Accordingly, I will affirm the ALJ's decision.

## V.    CONCLUSION

For the reasons set forth herein, the SSA's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge